ALICE B. DAVIS AND LITTLETON T. DAVIS

v.

A. H. SPARKS AND JAMES N. SPARKS.

*Landlord and Tenant—Farm Lease—Construction of—Distress for Rent—Statutory Remedy.*

Where a farm lease contained the clause that the rent should "become due each year as the crop of each kind is matured and marketed," the term "marketed" is not to be so construed as to deprive the lessor of his lien and right to distrain, and upon the case presented, whether the rent was technically due or not, the lessor had the right to proceed under Sec. 1 of the act of May 21, 1877.

[Opinion filed September 20, 1890.]

APPEAL from the Circuit Court of Edgar County; the Hon. E. P. VAIL, Judge, presiding.

Mr. H. S. TANNER, for appellants.

Mr. HENRY VAN SELLAR, for appellees.

WALL, J. This was a proceeding by distress for rent. The case was tried by the court and the issues found for defendants, from which judgment an appeal is prosecuted to this court by the plaintiffs.

It is contended in support of the judgment that at the time the distress warrant was levied the rent was not due. The lease was in writing and provided that the rent—seventeen hundred dollars per annum—should " become due each year as the crop of each kind is matured and marketed." The crop in question for the year 1889 was corn. It was mature, a part of it had been gathered, and the tenant had contracted to sell it to one Hudnet, of Terre Haute, Indiana, who was about to remove it from the State. The cars had been ordered to the nearest railway station for that purpose.

The term " marketed " as used in this lease causes the difficulty in determining whether the rent was due at the time of the levy. It is argued that the rent was not payable until the grain was disposed of in market, and that by the use of this phrase the lessor necessarily waived his lien and right to distraint. We are not inclined to this view. We think there was no waiver in these respects, and that whether the rent was technically due or not, the lessor may invoke the benefit of Sec. 1 of the act of May 21, 1877, which provides that " if any tenant shall, without the consent of his landlord, sell and remove or permit to be removed, or be about to sell and remove or permit to be removed from the premises, such part or portion of the crops raised thereon as shall endanger the lien of the landlord upon such crops for the rent agreed to be paid, it shall and may be lawful for the landlord to institute proceedings by distress before the rent is due, as is now

provided by law, in case of the removal of the tenant from the demised premises, and thereafter the proceedings shall be conducted in the same manner as is now provided by law in ordinary cases of distress where the rent is due and unpaid."

There was a clear case of selling and attempted removal of the crop in such a way as to endanger the lien of the landlord. The corn was to be taken out of the State, and would have been so taken but for the distress. There was considerable negotiation between the parties looking to security by placing the corn or a part of it in the hands of a third party as receiver, etc., but no agreement was reached, and the tenant being about to proceed with the sale the warrant was levied, as we think, properly. We are of opinion it was error to find the issues for defendant. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*